# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 295 | **DATE** | 1/24/2003 |
| **CASE TITLE** | USA vs. Eddie Lee Fryer | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. As mandated by Section 2244(b), which is incorporated by reference via the just-quoted portion of Section 2255, this court cannot entertain Fryer's current application unless, upon his application to our Court of Appeals, that Court were to authorize this Court to do so. Accordingly Fryer's current filing and this action are dismissed, albeit without prejudice to the potential reassertion of his motion if the Court of appeals so directs.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | **Document Number** |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | JAN 2 4 2003 | date docketed | | |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | 1/24/2003 | | |
| SN | courtroom deputy's initials | | date mailed notice | SN | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,        )
                                 )
                Plaintiff,       )
                                 )
        v.                       )    No.  03 C 295
                                 )    (90 CR 57-1)
EDDIE LEE FRYER,[1]              )
                                 )
                Defendant.       )

DOCKETED
JAN 2 4 2003

<u>MEMORANDUM OPINION AND ORDER</u>

Fully a dozen years after his trial, conviction and
sentencing for a series of armed bank robberies (coupled with
associated gun charges), Eddie Lee Fryer ("Fryer") has filed with
the United States District Court for the Western District of
Virginia (where he is now in custody) a document that he labels
as having been brought under 28 U.S.C. §2241,[2] through which he
again seeks to launch a collateral attack on the long-ago-
terminated criminal proceedings.  That most recent filing has in
turn been transferred to this District Court on the accurate
premise that it is really a Section 2255 motion, and it has
automatically been assigned to this Court's calendar because this

---

[1]  Because the filing in this action was misperceived by
movant Eddie Lee Fryer as a habeas petition (this is not said
critically, for it was filed pro se), it was mistakenly captioned
"Eddie Lee Fryer, Petitioner, v. United States of America,
Respondent."  But as the text explains, the appropriate
characterization is that of a post-conviction motion in the
original underlying criminal case, so the caption here reflects
that.

[2]  All further references to Title 28's provisions will
simply take the form "Section--."

Court had presided over Fryer's trial and had imposed the lengthy sentence that he is now serving (see Rule 4(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts).

For a number of years after the initial proceedings and after the affirmance on direct appeal of his conviction and sentence by our Court of Appeals (974 F.2d 813 (7th Cir. 1992)), Fryer was an active post-conviction litigant, necessitating this Court's issuance of a whole series of published and unpublished opinions dealing with the several challenges that he sought to advance. But what is most relevant--indeed, critical--for present purposes is that this Court's detailed opinion and supplement reported at 21 F.Supp.2d 834 (N.D. Ill. 1998) dealt with and rejected Fryer's original Section 2255 motion, by which he had disputed both his conviction and the ensuing sentence.[3]

That being the case, Fryer's present effort unquestionably constitutes a "second or successive motion" to which the last paragraph of Section 2255 applies:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

---

[3] Although this makes no difference in either the analysis or the result reached in this opinion, both of which are compelled by the statutory mandate discussed in the ensuing text, it may be noted parenthetically that this Court took pains to appoint an outstanding lawyer, a partner in one of Chicago's leading law firms, to represent Fryer pro bono publico in his original Section 2255 proceeding.

> (1) newly discovered evidence that, if proven
> and viewed in light of the evidence as a whole,
> would be sufficient to establish by clear and
> convincing evidence that no reasonable factfinder
> would have found the movant guilty of the offense;
> or
>
> (2) a new rule of constitutional law, made
> retroactive to cases on collateral review by the
> Supreme Court, that was previously unavailable.

As mandated by Section 2244(b), which is incorporated by reference via the just-quoted portion of Section 2255, this Court cannot entertain Fryer's current application unless, upon his application to our Court of Appeals, that Court were to authorize this Court to do so. Accordingly Fryer's current filing and this action are dismissed, albeit without prejudice to the potential reassertion of his motion if the Court of Appeals so directs.[4]

_____
Milton I. Shadur
Senior United States District Judge

Date:   January 23, 2003

_____

[4]   In light of the statutorily required dismissal that has been reflected here, this Court makes no substantive comment as to the timeliness or any other aspect of Fryer's filing.

3