Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 295 | **DATE** | 2/7/2003 |
| **CASE TITLE** | | USA vs. Eddie Lee Fryer | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Supplement to Memorandum Opinion and Order. This Court therefore reconfirms both the analysis and the conclusion reached in the Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | FEB 10 2003 | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | 7 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2/7/2003 | |
| | | 03 FEB -7 PM 4:12 | date mailed notice | |
| SN | courtroom deputy's initials | | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION
```

UNITED STATES OF AMERICA,       )
                                )
                    Plaintiff,  )
                                )
          v.                    )     No.  03 C 295
                                )         (90 CR 57-1)
EDDIE LEE FRYER,                )
                                )
                    Defendant.  )

### SUPPLEMENT TO MEMORANDUM OPINION AND ORDER

This Court's January 23, 2003 memorandum opinion and order ("Opinion") in part reconfirmed that the document that Eddie Lee Fryer ("Fryer") had filed with the United States District Court for the Western District of Virginia under the claimed rubric of 28 U.S.C. §2241[1] was really a Section 2255 motion (that same conclusion had been reached by the District Judge in Virginia, and that was the predicate for the transfer to this District, where Fryer had been convicted and sentenced). Then the Opinion went on to hold that Fryer's present effort was a "second or successive motion" that the last paragraph of Section 2255 (which incorporated by reference Section 2244(b)) required him to tender to the Court of Appeals in the first instance, rather than to a District Court.

On February 5, 2003 this District Court's Clerk's Office received a letter from Fryer in which he sought "to place on



---

[1] All further references to Title 28's provisions will simply take the form "Section--."

record his 'timely objection' to the re-characterization of the original motion from under Title 28 U.S.C. 2241 to Title 28 U.S.C. §2255"--a response by Fryer to the January 14 communication (photocopy attached) that apprised Fryer of the transfer from the Virginia District to this District Court and that labeled his filing as a Section 2255 motion (just as the transferor judge had). Because Fryer's letter submission had been notarized back on January 22 (though it is difficult to understand why it should then have taken fully two weeks to get to our Clerk's Office), it is obvious that the letter crossed in the mails with the Opinion, a copy of which this Court had of course sent to him.

Fryer must be disabused of the notion that he can attach the Section 2241 label to his filing and can thereby take an end run around the already-referred-to "second or successive motion" limitation imposed by Section 2255 (as well as around Section 2255's short statute of limitations). To that end this Court calls his attention to our Court of Appeals' November 6, 2002 decision in <u>Taylor v. Gilkey</u>, 314 F.3d 832 (7th Cir. 2002). That decision makes it crystal clear that Fryer cannot successfully invoke Section 2241 on the grounds that he asserts or for the relief that he seeks. This Court therefore reconfirms both the

analysis and the conclusion reached in the Opinion.

                                  _____
                                  Milton I. Shadur
                                  Senior United States District Judge

Date:    February 7, 2003

OBJECTION by Eddie Lee Fryer to
court's recharacterization of his original
motion (Attachment)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604

FILED
FEB 05 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

CLERK OF COURT
UNITED STATES DISTRICT COURT
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS

DOCKETED
FEB 05 2003

IN RE: 03C-0295

DEAR CLERK:

COMES NOW, petitioner, pro-se, Eddie Lee Fryer, #01029-424, to acknowledge receipt of the correspondence from this Clerk of Court. The letter was dated January 14, 2003, whereas; "it informed the petitioner that the motion has been entered on court docket as a motion **other than** the titled motion filed by petitioner.

Petitioner now comes to place on record his "timely objection" to the re-characterization of the original motion from under Title 28 U.S.C. 2241 to Title 28 U.S.C. §2255, if in any way this court is only seeking to apply the latches without adjudicating the case on the merits.

Petitioner's case within the motion under §2241 is supported by uncontroverted evidence of constitutional deprivations due to overzealous and vindictive prosecution by the government attorney and depeties as well. In a attempt to convict members of the "El Rukens", whereas petitioner for not knowing information and supplying it to the government, was denied fundamental constitutional rights. See U.S. v. Boyd, 833 F. Supp. 1377 (N.D. Ill. 1993), i.d. at 1281.

For the reasons stated within the above mentioned case, concerning the tradegy for the "lead" prosecutor who, in seeking to attain the laudable goal of ridding society of an organization of predatory career criminals, was willing to abandon fundamental notions of due process of law and deviate from acceptable standards of prosecutorial conduct. The others who followed his lead or failed to supervise him proper-

(1)

6

ly, of course, share in this disgrace. [**The pertinent insert taken from the above analysis from the court of the N.D. Ill., No.: 89-CR-908**].

Therefore, at minimum, even if this motion was to be docketed as a motion under §2255, for the time it took petitioner to uncover this evidence to support his claim of denied due process, and prosecutorial misconduct, as well as ineffective assistance of counsel, through the exercise of due diligence, petitioner would aver that he would still fall in the arena of "newly discovered evidence", so as to not have this case dismissed prior to adjudicating the merits of such important claims.

For the reasons stated herein, petitioner "objects" to the re-characterization, but will accept it in the event the merits of this motion is properly adjudicated.

RESPECTFULLY SUBMITTED!

S/ *Eddie L. Fryer*
EDDIE LEE FRYER #01029-424
USP, LEE COUNTY
P.O. BOX 305
JONESVILLE, VA. 24263-0305

CC/CLK OF CT.
FILE
1/22/03

County of _____LEE_____
Commonwealth of Virginia

The foregoing instrument was acknowledged before me this __22nd__ day of __January__, __2003__, by __Eddie Fryer (#01029-424)__.

*Alisha K. Hall*
Notary Public

My Commission Expires December 31, 2006.





# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604

MICHAEL W. DOBBINS
CLERK

PRISONER CORRESPONDENCE
312-435-5794

January 14, 2003

Eddie Lee Fryer
#01029-424
P.O. Box 305
Jonesville, VA 24263

Dear Mr. Fryer:

We hereby inform you that your motion to vacate, set aside or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 has been **transferred to this court**.

Please be advised that this motion has been assigned to: **JUDGE SHADUR**

**MAGISTRATE JUDGE MASON**

for consideration, and that these matters will proceed under case number: **03C 0295**

Please indicate your assigned case number on all future documents submitted for docketing in this case. Furthermore, you must keep the Court informed of your address throughout the pendency of your motion. Failure to do so may result in dismissal of your motion for want of prosecution.

Sincerely,

Prisoner Correspondent